Brevard, J.,
delivered the opinion and resolution of the court, 27th April, 1807, Grimke, and Wilds, Justices, absent. In considering this case, it is not easy to discover upon what ground the instrument of writing, which was adduced in evidence to support the action, was meant to operate. An opinion may have been en. tertained, perhaps, that the contingent remainder over to the lawful heirs of the donor, James Crow, upon the death of Jenny Crow, without issue, of her body, living at her death, might take effect, and that upon that event, the right of property, and of possession, in the negro in question, vested in the plaintiffs by operation of law, as persons designated or described in the deed of gift, by the name and description of lawful heirs of the donor. But personal proper, ty cannot thus be limited over by grant or conveyance ; and the remainder over, intended by the donor in this case, is clearly void? and the property vested in Jenny Crow absoluteiy. To limit per. sonal property, and give effect to remainders over in the way in. tended in this case, the intervention of a trustee is necessary, in whom the legal estate may vest. These limitations of personal property, under proper restrictions, may be effectuated in equity. Where such limitations are created by will, they are good by way of executory devise or bequest. See 2 Bl. Com.- 398. 8 Co. 952 Fearne, on Ex. Dev. 45.
Suppose, in this case, the donor had outlived the donee, would any one have been intitled to claim the remainder over, as his heir 1 Suppose the donee had left heirs of her body, yet they' could not *142 have taken the property, for personal estate cannot be entailed, ^16 ^eec® fiuest‘on’ transferred the rrght of property and of possession to Jenny Crow, and the absolute right of property vested in her, the limitations over being against law and void ; and the plain-jjg.g n0|. [lav¡ng shewn any right of action, or given any evidence at the trial upon which the jury were authorized to find for them, we are of opinion the verdict should be set aside, and that the defendant should have leave to enter a nonsuit.